# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **CELEBRATION IP LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**ROYAL BATTERY DISTRIBUTORS, INC.,**<br><br>   Defendant. | Case No.: 8:21-cv-01022-VMC-AAS<br><br>Patent Case<br><br>Jury Trial Demanded |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Celebration IP LLC ("Plaintiff"), through its attorneys, complains of Royal Battery Distributors, Inc. ("Defendant"), and alleges the following:

### PARTIES

1.   Plaintiff Celebration IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1091, Plano, TX 75093-8121.

2.   Defendant Royal Battery Distributors, Inc. is a corporation organized and existing under the laws of Florida with principal address at 12045 34th St. North, St. Petersburg, FL 33716. Defendant can be served through its registered agent Royal Battery, 12045 34th St. North, St. Petersburg, FL 33716.

### JURISDICTION

3.   This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District and is incorporated in the state of Florida. In addition, Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,346,795 (the "'795 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## The '795 Patent

8.     The '795 Patent is entitled "DISCHARGE CONTROL CIRCUIT OF BATTERIES" and issued 2/12/2002. The application leading to the '795 Patent was filed on 1/26/2001. A true and correct copy of the '795 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.     The '795 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '795 PATENT

10.    Plaintiff incorporates the above paragraphs herein by reference.

11.    **Direct Infringement.** Defendant has directly infringed one or more claims of the '795 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '795 Patent also identified in the charts incorporated into this Count below (the "Exemplary '795 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '795 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.    Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary '795 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Exhibit 2 includes charts comparing the Exemplary '795 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '795 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '795 Patent Claims.

15. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

16. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

17. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '795 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, one or more claims of the '795 Patent;

C. An accounting of all damages not presented at trial;

D.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.     And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 7, 2021

Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

<u>/s/ Howard L. Wernow</u>
Howard Wernow, B.C.S
Fla Bar No. 107560
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com

*Board Certified in Intellectual Property Law by the Florida Bar*

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy has been electronically filed using the CM/ECF filing system, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system on June 7, 2021.

<u>/s/ Howard L. Wernow</u>
Howard L. Wernow